IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRENT EDWARD JOHNSON,<br><br>Plaintiff,<br><br>vs.<br><br>UNMC, BELLEVUE POLICE DEPT., BELLEVUE FIRE DEPT., DOUGLAS CO. COURT, ET AL.,<br><br>Defendants, | 8:22CV32<br><br>**MEMORANDUM AND ORDER** |

Plaintiff, a non-prisoner, has been given leave to proceed in forma pauperis. The court now conducts an initial review of Plaintiff's Complaint (Filing 1).

I. APPLICABLE STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v.*

*JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Id.*, at 849 (internal quotation marks and citations omitted).

## II. SUMMARY OF COMPLAINT

Plaintiff alleges that in June 2021, the Bellevue Police and Fire Departments transported him under an emergency protective hold to the University of Nebraska Medical Center ("UNMC"), where he was placed in restraints, stripped naked, and injected with Zyprexa, an antipsychotic medication.

## III. DISCUSSION

Liberally construing the allegations of Plaintiff's Complaint, this is a civil rights action brought under 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

UNMC and other universities within the University of Nebraska system are state agencies entitled to sovereign immunity.[1] *See Akintunde v. Bd. of Regents of the Univ. of Nebraska-Omaha*, No. 4:15CV3011, 2015 WL 5023570, at *4 (D. Neb. Aug. 20, 2015) (citing *Doe v. Bd. of Regents of the Univ. of Neb.*, 788 N.W.2d 264, 281, n. 51 (Neb.2010); *Becker v. Univ. of Neb. at Omaha,* 191 F.3d 904, 908-09 (8th Cir. 1999). The Eleventh Amendment bars claims for damages that are brought in federal court against a state agency or a state employee who is sued in his or her

---

[1] Although the Nebraska Legislature has waived sovereign immunity for certain kinds of torts against the State of Nebraska and its agencies, this waiver does not extend to actions maintained in federal court. The State Tort Claims Act ("STCA") grants exclusive jurisdiction over those claims to "the district court of the county in which the act or omission complained of occurred...." Neb. Rev. Stat. Ann. § 81-8, 214 (Westlaw 2021). Consequently, any waiver of the State's sovereign immunity in the STCA "does not extend to actions brought in federal court." *Montin v. Moore*, 846 F.3d 289, 293 (8th Cir. 2017).

official capacity. *See Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). Under the exception established in *Ex parte Young*, 209 U.S. 123 (1908), a private party may sue state officials in their official capacities for prospective injunctive relief. *McDaniel v. Precythe*, 897 F.3d 946, 951-52 (8th Cir. 2018) (citing *Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)). "In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a 'straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Verizon Md.*, 535 U.S. at 645 (alteration in original) (quoting *Coeur d'Alene*, 521 U.S. at 296). Plaintiff does not allege any such ongoing violation or seek any prospective relief.

While the Eleventh Amendment does not prohibit Plaintiff from suing UNMC employees for damages in their individual capacities, no employee has been named as a defendant or sufficiently described by Plaintiff. "It is generally impermissible to name fictitious parties as defendants in federal court, but 'an action may proceed against a party whose name is unknown if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery.'" *Perez v. Does 1-10*, 931 F.3d 641, 646 (8th Cir. 2019) (quoting *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995) (suit naming "various other John Does to be named when identified" not permissible)). Also, to state an actionable § 1983 claim, the plaintiff must allege that the defendant was personally involved in or had direct responsibility for incidents that resulted in injury. *See Iqbal*, 556 U.S. at 676 (because there is no vicarious liability in § 1983 actions, a plaintiff "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

Plaintiff also sues the Bellevue Police and Fire Departments, but these are not suable entities. *See Frazier v. City of Omaha Police Dep't*, No. 8:18CV539, 2019 WL 582122, at *2 (D. Neb. Feb. 13, 2019) (dismissing claims against Omaha Police and Fire Departments); *see also Ketchum v. City of W. Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (city police department and paramedic services "are not juridical entities suable as such.... [t]hey are simply departments or subdivisions of the City government"). The City of Bellevue, Nebraska, would be a proper defendant, but to

3

prevail on a § 1983 claim against a municipality, a plaintiff must show that the constitutional violation resulted from (1) an official "policy," (2) an unofficial "custom," or (3) a deliberately indifferent failure to train or supervise. *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016).[2] The allegations of Plaintiff's Complaint fail to show that any allegedly unconstitutional actions of police officers or paramedics were taken pursuant to a municipal policy or custom.[3] As with the UNMC employees, while Plaintiff might be able to sue police officers or paramedics in their individuals capacities for alleged constitutional violations, he must be able to identify them and describe what each of them did with more specificity than he has thus far.

Plaintiff also sues "Douglas Co. Court et al.," but makes no allegations against the court or its personnel. Furthermore, "[c]ourts are not persons within the meaning

---

[2] "Official policy involves 'a deliberate choice to follow a course of action ... made from among various alternatives' by an official who has the final authority to establish governmental policy." *Jane Doe A By & Through Jane Doe B v. Special Sch. Dist. of St. Louis Cty.*, 901 F.2d 642, 645 (8th Cir. 1990) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). "[A] plaintiff may establish municipal liability through an unofficial custom of the municipality by demonstrating '(1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) that plaintiff was injured by acts pursuant to the governmental entity's custom, *i.e.*, that the custom was a moving force behind the constitutional violation.' " *Malone v. Hinman*, 847 F.3d 949, 955 (8th Cir. 2017) (quoting *Corwin*, 829 F.3d at 699-700). A municipal liability claim based on a theory of inadequate training or supervision is simply an extension of a claim based on a "policy" or "custom" theory of municipal liability. *Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018).

[3] "Although [a plaintiff] need not set forth with specificity the existence of an unconstitutional policy or custom at the pleading stage, he must nonetheless present some allegations, references, events, or facts from ... which the court could begin to draw an inference that the conduct complained of ... resulted from an unconstitutional policy or custom of the [City] or a deliberate choice by a decision-maker with final authority." *Cotton v. Douglas Cty. Dep't of Corr.*, No. 8:16CV153, 2016 WL 5816993, at *6 (D. Neb. Oct. 5, 2016).

of 42 U.S.C. § 1983, and, if they were, the action would be barred by the Eleventh Amendment, anyway." *Clark v. Clark*, 984 F.2d 272, 273 (8th Cir. 1993). Individual county court judges are also shielded by Eleventh Amendment immunity when sued in their official capacities. *See Robinson v. Lancaster Cty. Court*, No. 8:18CV111, 2019 WL 1208812, at *3 (D. Neb. Mar. 14, 2019); Neb. Rev. Stat. §§ 24-501 *et seq.* Even when sued in his or her individual capacity, a judge is immune from suit, including suits brought under § 1983, in all but two narrow sets of circumstances. *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* (internal citations omitted). There are no facts alleged to show that either exception applies here.

Finally, Plaintiff lists "prosecutors" and "public defenders" and as comprising part of the "et al." courthouse defendants, but on the facts currently alleged, no section 1983 claim can be maintained against these individuals, either. "Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process." *Brodnicki v. City of Omaha,* 75 F.3d 1261, 1266 (8th Cir.1996). It is also well-established that, for purposes of 42 U.S.C. § 1983, "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson,* 454 U.S. 312, 325 (1981).

## IV. CONCLUSION

Plaintiff's Complaint is subject to preservice dismissal under 28 U.S.C. § 1915(e)(2), but the court will give Plaintiff 30 days to file an amended complaint which states a claim upon which relief may be granted.

IT IS THEREFORE ORDERED:

1. Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

2. In the event Plaintiff files an amended complaint, failure to consolidate all claims into one document may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, prior pleadings.

3. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) in the event Plaintiff files an amended complaint.

4. The Clerk of the Court is directed to set a pro se case management deadline using the following text: **March 14, 2022—amended complaint due**.

5. The court must be kept informed of Plaintiff's current address at all times while this case is pending. Plaintiff's failure to keep the court so informed may result in dismissal of the case without further notice.

Dated this 11th day of January 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge